## NASSAU ELECTRIC R. CO. v. CORLISS.

### (Circuit Court of Appeals, Second Circuit. November 18, 1903.)

### No. 5.

1. CARRIER — STREET RAILROADS — INJURIES TO PASSENGERS — PREMATURE START—EVIDENCE.

Where, in an action for injuries to a passenger alleged to have resulted from the premature starting of a street car, plaintiff claimed that the car was stopped when he attempted to board it, while defendant claimed that plaintiff attempted to board the car while in motion, evidence that prior to the day of the accident defendant had adopted a rule requiring all cars to stop at the point in question, and that they did in fact so stop, was admissible.

2. SAME—TRIAL—OBJECTIONS TO QUESTIONS—SCOPE.

In an action for injuries to a passenger, an objection to a question asked of a medical witness as to whether, from his examination of plaintiff in 1899, he could state whether plaintiff would ever regain full control of his arm, etc., on the ground that the question was incompetent, immaterial, and improper, in that plaintiff had stated that since 1899 there had been improvement in the joint, was insufficient to present the objection that the question did not confine the answer within the limits of reasonable certainty.

In Error to the Circuit Court of the United States for the Eastern District of New York.

Writ of error by the defendant below to review a judgment rendered in favor of the plaintiff below in the Circuit Court for the Eastern District of New York.

I. R. Oeland, for plaintiff in error.

James A. Burr, for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. The defendant in error, who was the plaintiff below, was injured by being thrown violently against an iron pillar of the elevated railway structure on Fulton street, Brooklyn, N. Y., while he was attempting to board one of the surface cars operated by the plaintiff in error, who was the defendant below.

At the trial the plaintiff testified that when he stepped upon the running board of the car it was standing still and when in the act of getting on, with one foot on the running board and the other in the car, it was moved suddenly forward so that he came into violent contact with the pillar and received the injuries of which he complains. The defendant disputed this theory of the accident and its witnesses testified that the plaintiff attempted to board the car while it was in motion. The trial judge instructed the jury that if the defendant's version of the accident were correct the plaintiff was guilty of contributory negligence and could not recover.

So far as the defendant's negligence is concerned the only question

at the trial was whether the car was moving or standing still at the time the plaintiff attempted to board it. The only question debated upon this appeal is whether or not the court erred in permitting testimony to show that at and prior to the day of the accident the defendant had adopted a rule requiring all cars to stop at this point and that they did in fact so stop. It seems to us that there was no error in admitting this testimony. The plaintiff's right to recover depended solely upon his ability to establish the proposition that the car was at rest when he attempted to board it. The fact that the place was a designated stopping point for all the defendant's cars, and that they all stopped there, was strongly corroborative of the plaintiff's testimony that the car was not moving.

Assume, for the purposes of illustration, that the accident had occurred on a steam road; at Tarrytown, for instance, on the Hudson River Railroad. Can there be a doubt that, in answer to defendant's testimony that the train ran through the station at Tarrytown without stopping, the plaintiff would be permitted to show that Tarrytown was one of the scheduled stations for that train and that it always stopped there? We think not.

The plaintiff was not attempting to prove negligence in stopping or not stopping the car, but simply the existence of a rule and custom which required that the car should stop at that point and that, in accordance with this rule and custom, all the cars of that line did stop.

In this respect the case differs from the authorities cited by the defendant in support of its contention. For instance, in Warner v. N. Y. Central Railroad, 44 N. Y. 465, the plaintiff had offered testimony that the flagman, at the crossing where the accident happened, was intoxicated at the time and also testimony that he was seen in an intoxicated condition on many previous occasions. The admission of testimony relating to his condition prior to the accident was properly held to be error. That cause would have been analogous to this if the flagman's presence or absence had been the point in issue and testimony had been adduced to show that there had always been a flagman stationed there and that the rules of the company so required.

As was said by the Supreme Court in the case of Dunlop v. The United States, 165 U. S. 486, 17 Sup. Ct. 375, 41 L. Ed. 799, at page 495, 165 U. S., page 378, 17 Sup. Ct., 41 L. Ed. 799:

"Business could hardly be carried on without indulging in the presumption that employés, who have certain duties to perform and who are known generally to perform such duties, will actually perform them in connection with a particular case."

The only other assignment of error argued relates to a question asked of the physician of the plaintiff as to the permanence of his injuries. This question was as follows:

"Q. Can you state whether from your examination in 1899, taking that first, you think he will ever regain full use of that arm, so far as the motion of the arm at the shoulder joint is concerned?"

The question was objected to as "incompetent, immaterial and improper, in that the plaintiff has already stated that since 1899 there has been improvement in this particular joint." The objection was

tantamount to saying that the question was incompetent, immaterial and improper because the plaintiff had stated that there had been improvement in the shoulder joint since 1899. If the objection had been that the question was improper in form for the reason that it did not confine the answer within the limits of "reasonable certainty" it would have fairly presented the contention now advanced. This it did not do and was properly overruled.

The judgment is affirmed with costs.